# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WALTER KIMBLE**  **PLAINTIFF**
**ADC #601717**

v.   No: 4:21-cv-01205-LPR-PSH

**SHANE WEST,** *et al.*   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Walter Kimble filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 14, 2021, while incarcerated at the Conway County Detention Facility (Doc. No. 2). On December 15, 2021, the Court granted Kimble's application to proceed *in forma pauperis* (Doc. No. 3). For the reasons stated herein, Kimble's

claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Kimble alleges that his constitutional rights were violated because he was served pork despite informing jailors that he was Islamic and did not eat pork for religious reasons.  Kimble further claims that as a result of being served pork, he vomited and was not taken to the hospital but instead was required to see the jail doctor.  For the reasons described below, Kimble fails to describe a viable constitutional claim.

***Free Exercise of Religion.***  The First Amendment provides that no law shall prohibit the free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  However, a plaintiff cannot establish a First Amendment violation without demonstrating that a substantial burden was placed on his ability to practice his religion.  *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (to survive summary judgment motion, a plaintiff must first raise a question of material fact regarding whether a substantial burden was placed on his ability to practice his religion). The United States Court of Appeals for the Eighth Circuit has held that, in order to constitute a "substantial burden" on the exercise of religion, a government policy or action must:

> … significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.

*Murphy v. Missouri Dep't of Corr.,* 372 F.3d 979, 988 (8th Cir. 2004) (quoting *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997)) (alteration in original).

For purposes of this Recommendation, the Court accepts the allegations of Kimble's complaint as true and assumes Kimble's adherence to the Islamic faith is a sincerely held religious belief. However, one isolated incident of being served food that is incompatible with one's religion is insufficient to show a *substantial* burden on Kimble's ability to practice his religion. *See e.g., Mbonyunkiza v. Beasley,* 956 F.3d 1048 (8th Cir. 2020) (prisoner did not establish a § 1983 First Amendment free exercise claim where prison negligently and inadvertently served him inappropriate meals on four occasions). Accordingly, Kimble fails to describe facts sufficient to state a viable free exercise claim.

***Inadequate Medical Care.*** Kimble's claim that he received inadequate medical care after vomiting on one occasion also fails to state a viable constitutional claim. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their

custody.[1]  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Kimble alleges he vomited once because he is not accustomed to eating pork and it upset his stomach.  He asked to be taken to the hospital and was told he must see the jail doctor first.  He was then placed on the list and seen by Dr. Elkins at a later date.  Kimble claims that Dr. Elkins failed to examine him.  However, Kimble does not describe a serious medical condition warranting emergency or any other

---

[1] Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition on cruel and unusual punishment.  *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment.  *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care); *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016) (Court declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment).

specific treatment. He disagrees with Dr. Elkins' determination that he required no treatment, but he describes no facts to indicate that Dr. Elkins or any other defendant was deliberately indifferent to his serious medical needs. Accordingly, Kimble's inadequate medical care claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Kimble's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 3rd day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE